**In re ROANOKE IRON & BRIDGE WORKS, INC., Debtor.**

**Charles R. ALLEN, Jr., Trustee for Roanoke Iron & Bridge Works, Inc., Plaintiff,**

**v.**

**RIB DETENTION EQUIPMENT, INC. and Roanoke Iron & Bridge Works, Inc., Defendants.**

**Bankruptcy No. 7–86–01442. Adv. No. 7–87–0111.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Dec. 18, 1987.

**26**

Solomon Lee Van Meter, Roanoke, Va., for plaintiff.

Richard E.B. Foster, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

This matter comes on for determination by the court pursuant to the motion by RIB Detention Equipment, Inc., (hereinafter "RIB") to dismiss the above-captioned adversary proceeding. The grounds for the dismissal motion arise and are based on this court's order dated May 12, 1987, in adversary proceeding number 7–87–0142, which abandoned to Dominion Bank, N.A. (hereinafter "Dominion") the assets which the trustee seeks to recover from RIB in the above-captioned adversary proceeding. The issue before the court is whether the abandonment of assets in a separate adversary proceeding in which RIB was not a party renders the trustee's efforts to recover those assets from RIB under 11 U.S.C. § 549 moot.

*Facts*

The facts in this case are not in dispute. On September 19, 1986, an involuntary Chapter 7 petition was filed against Roanoke Iron & Bridge Works, Inc., (hereinafter "Roanoke"). Prior to the filing of the involuntary petition, Roanoke had entered into a contract with RIB for the sale to RIB of certain assets. The consideration to be provided to Roanoke by RIB was, in part, the assumption by RIB of the secured indebtedness owed by Roanoke to Dominion.

One day after the filing of the involuntary petition Roanoke and RIB closed the sale to RIB of the assets covered by the contract. The assets which were transferred in bulk by Roanoke to RIB consisted of the following groups: (1) inventory used in the manufacture and installation of prison detention equipment; (2) office machinery, equipment and furniture; (3) certain manufacturing equipment; (4) all work in process; and (5) certain accounts receivable.

Subsequent to the filing of the involuntary Chapter 7 and to the closing of the bulk sale, the case was converted to a Chapter 11 proceeding. On January 15, 1987, the unsecured creditors' committee in the Chapter 11 proceeding filed the above-captioned complaint proceeding seeking to recover assets under 11 U.S.C. § 549(a). Ultimately, the case was converted to a Chapter 7 proceeding and Charles R. Allen, Jr. was appointed and was substituted as the party plaintiff in this adversary proceeding.

On or about May 5, 1987, RIB served upon the trustee its answer to the above-captioned complaint proceeding. Thereafter, on May 8, 1987, the trustee filed his motion for judgment on the pleadings pursuant to Bankruptcy Rule 7012(b) and Rule 12(c) of the Federal Rules of Civil Procedure.

Dominion filed an adversary proceeding, numbered 7–87–0142, and a motion for relief from stay in the Chapter 7 proceeding designated as Motion No. 2. Both the complaint proceeding and the motion filed by Dominion requested that the court determine the nature and extent of its security

interest in the assets covered by its various security agreements with Roanoke and requested lifting of the stay and abandonment of the assets to Dominion.

The trustee, without benefit of representation by counsel, negotiated with Dominion in connection with adversary proceeding number 7–87–0142 and the motion to lift the stay. These negotiations culminated in an order of this court dated May 12, 1987, in which the trustee consented to lifting of the stay with respect to all assets subject to the security agreement in favor of Dominion and consented to abandonment of the assets to Dominion. This order became final and nonappealable. Counsel for RIB became aware of the entry of this court's order in adversary proceeding 7–87–0142. On May 22, 1987, ten (10) days after the entry of the May 12 order in adversary proceeding number 7–87–0142, RIB filed its motion to dismiss adversary proceeding number 7–87–0111 asserting that the May 12 order rendered in adversary proceeding number 7–87–0142 rendered the above-captioned adversary proceeding moot.

The parties have been heard in argument and have fully briefed the issue of whether or not the May 12, 1987 order entered in adversary proceeding 7–87–0142 renders the trustee's efforts to recover assets pursuant to 11 U.S.C. § 549(a) in adversary proceeding number 7–87–0111 moot.

### Law

It is clear from the facts that upon the filing of the involuntary petition against Roanoke on September 19, 1986, an estate was created under 11 U.S.C. § 541(a). This estate included all of the assets that were subject to the security agreements which Roanoke had with Dominion. On September 20, 1986, Roanoke transferred to RIB, subject to the lien of Dominion, certain of its assets. This transfer was conducted pursuant to 11 U.S.C. § 303(f). Accordingly, as of September 20, 1986, the assets that Roanoke transferred to RIB were no longer property of the estate under 11 U.S. C. § 541(a)(1). However under 11 U.S.C. § 541(a)(3), the estate possessed as of September 20, 1986, an interest in any property that the trustee might recover under 11 U.S.C. § 550.

The trustee in the case at bar has brought his adversary proceeding under 11 U.S.C. § 549(a). Under that Code section, the trustee may avoid a transfer of property of the estate if it occurs after the commencement of the case and it is authorized only under § 303(f) of the Code. Should the trustee be successful in avoiding the transfer under 11 U.S.C. § 549(a), then the trustee may recover for the benefit of the estate either the property transferred or, if the court so orders, the value of such property. It is the right to recover this interest in the property under 11 U.S.C. § 549(a) and 11 U.S.C. § 550 that the trustee asserts was not abandoned by this court's order dated May 12, 1987. The trustee also asserts that under 11 U.S.C. § 554(a) the only property which he has the authority to abandon is property of the estate that is burdensome to the estate. The trustee argues that as a result of the conveyance of the property on September 20, 1986, to RIB the property which was abandoned by order of May 12, 1987, was not property of the estate, thus, the abandonment order had no effect on the property he is trying to recover in this litigation.

11 U.S.C. § 554(b) which is applicable in this case states: "(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The key words in the statutory language above are "any property of the estate." "Abandonment constitutes a divestiture of all interests in property that were property of the estate." 4 *Collier on Bankruptcy,* ¶ 554.02, p. 554–6 (15th Ed.1987). This court finds that the property transferred to RIB on September 20, 1986, was not property of the estate on May 12, 1987, the date the trustee for Roanoke endorsed the order of abandonment in adversary proceeding number 7–87–0142. Further, the order of abandonment dated May 12, 1987, does not contain any reference to the trustee's abandonment of any right to recover the inter-

est which he might have in property under 11 U.S.C. § 549(a) and 11 U.S.C. § 550. In short, the trustee did not abandon the cause of action which he asserts in this adversary proceeding. Accordingly, the motion to dismiss is denied and an order will be entered implementing this memorandum opinion.